HARDY, Judge.
This suit was instituted by Thomas E. Bailey, individually, for the recovery of property damages, and, in his capacity as administrator of the estate of his minor son, Lionel Bailey, for the recovery of damages for personal injuries sustained by the said minor. Made defendants were William M. Richey, who reconvened for damages to person and property, and his insurer, Allstate Insurance Company. From a judgment in favor of defendant, Allstate Insurance Company, rejecting plaintiff’s demands, he prosecutes this appeal. There was further judgment rejecting the reconventional demands of the defendant, Richey, from which no appeal has been taken.
The accident occurred shortly after 10:00 P. M. on August 20, 1957, on Plighway 8 in Rapides Parish, when a jeep, belonging to plaintiff, Thomas E. Bailey, and driven by a minor, Miss Afton Germany, *741 collided with a Buick automobile owned and driven by Richey. The charges and countercharges of negligence as between the parties are reduced to the question of the encroachment of one vehicle into the path of the other, which issue is purely factual.
The eyewitnesses to the accident who testified on trial of the case were the minor, Lionel Bailey, who was a passenger in his father’s jeep, and Mr. and Mrs. Martin, occupants of a truck following closely behind the said vehicle, who appeared as witnesses for plaintiff, and Dr. and Mrs. Richey, the driver and passenger of the Richey automobile, who testified for defendants. Two State troopers, who investigated the accident shortly after its occurrence, also testified on behalf of defendants.
It is established by the testimony of young Bailey that he permitted Miss Germany to drive the jeep, and, according to the testimony of one of the investigating troopers, it was determined that Miss Bailey did not have a driver’s license, and, further, that she admitted she had had no driving experience. We think it is extremely significant and, under the circumstances, highly prejudicial to plaintiff’s claims that although the jeep was occupied, in addition to Bailey and Miss Germany, by four other teen-agers, the only occupant of' the vehicle who testified on trial of the case was young Bailey himself. Neither Miss Germany nor any of the other four passengers testified either in person or by deposition.
The testimony of the witnesses is squarely conflicting, and we do not think it can be concluded with any reasonable approximation of certainty, that negligence on the part of either driver has been established by adequate evidence. According to the testimony of the troopers the only evidence of the point of impact consisted of a lump of dirt which was deposited upon the center line of the highway.
For this court to find manifest error in the judgment appealed from it would be necessary that we base our conclusions upon speculation and conjecture, unsupported by definite evidence. This we are unwilling to do. It suffices to say that our examination of the record fails to disclose any error in the judgment, manifest or otherwise.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.